WYNNE *v.* MIXON *et al.*

No. 10398.   OCTOBER 11, 1934.

*J. H. Milner,* for plaintiff in error.

*Smith & Ross* and *D. D. Smith,* contra.

GILBERT, J. This was a proceeding by heirs at law of an estate to set aside several deeds to land, on the ground that the administrator of the estate fraudulently bought at administrator's sale and subsequently conveyed the land as security to one who had knowledge of such fraud, and that such grantor had no valid title. The grantee denied notice of the fraud. That issue controls the case, although other relief was sought. The jury returned a verdict for the plaintiffs. The defendant moved for a new trial on the general grounds, and on two special grounds. The exception is to the overruling of that motion.

■ The evidence authorized the verdict. The negotiation for a loan resulting in the execution of the security deed was directly between J. F. Williams as grantor and W. S. Wynne. The jury was authorized to find that J. F. Williams, for the reasons alleged by petitioners, had no title to the land; that W. S. Wynne acted as agent of Ira B. Wynne; and that W. S. Wynne had full notice of the fraud. As such agent his notice was notice to Ira B. Wynne, the principal.

■ The first special ground is an elaboration of the general grounds. The second complains that the court erred in failing to submit to the jury "a material issue raised by the pleadings of movant, to wit: That the funds loaned and advanced by Ira B. Wynne to J. F. Williams were applied to the use and benefit of the estate of Jason Williams, deceased, of which estate the said J. F. Williams was administrator, said funds and advances being applied to the debts of the estate of Jason Williams. The defense was supported by the evidence to the effect that $571.59 of the funds so loaned were applied to the debts of the said Jason Williams estate by the administrator." An administrator can not borrow money and bind the estate, not even for the payment of taxes, or to continue operation of the business of the estate, without express authority of the court of ordinary. *Carter* v. *Davis,* 174 Ga. 824 (3), 834 (164 S. E. 264). What an administrator can not do directly he can not do indirectly and secretly. For these reasons the court did not err in refusing to instruct the jury as contended. ·

*Judgment affirmed. All the Justices concur.*